IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-01571-WYD-KMT

LPS PROPERTY TAX SOLUTIONS, INC.,

     Plaintiff,
v.

WORKPLACE TECHNOLOGIES, LLC,
ANDREW MATALUS, and
BRIAN MATALUS,

     Defendants.
_____

**PROTECTIVE ORDER**
_____

THIS MATTER comes before the Court on the parties' Renewed Stipulated Motion for Entry of Protective Order. The Court finds that the entry of this Protective Order will protect the discovery and dissemination of confidential or secret information, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.

IT IS therefore ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Any information designated by a party as CONFIDENTIAL or SECRET pursuant to this Protective Order must first be reviewed by a lawyer, whose approval of the designation shall constitute a certification that the designation is based on a good faith belief that the information is CONFIDENTIAL or SECRET as defined herein and is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4. Information designated "CONFIDENTIAL" shall be information that is non-public and that implicates the parties' competitive interests, but which relates to projects and matters of common knowledge and concern during the parties' employment and consulting relationships. Without limitation, CONFIDENTIAL information includes proprietary information developed by Plaintiff and/or Defendants in connection with the Property Tax Direct ("PTD") and Automated Web Inquiry ("AWI") services during the parties' employment and consulting relationships. The purpose of designating material as CONFIDENTIAL, as opposed to SECRET, is to prevent non-parties to the action from obtaining proprietary information that could be used to compete against any of the parties. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. CONFIDENTIAL information may include CONFIDENTIAL information owned by a third party, so long as the information otherwise qualifies as CONFIDENTIAL information hereunder.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including their employees and independent contractors;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Any Party who inadvertently fails to designate any information, testimony, document or thing as CONFIDENTIAL information may correct such failure by giving written notice of the same to the other parties. Upon such written notification, the corrected materials shall only be deemed CONFIDENTIAL information prospectively. Substitute copies of the corrected information, testimony, document or thing, appropriately

marked "Confidential" or "Confidential. Subject to Protective Order," shall be given to all other parties as soon as they become available. Within ten (10) days of receipt of the substitute copies, the other parties shall return the previously unmarked items to the producing party.

7.  Information designated "SECRET" shall be information that is non-public and that implicates the parties' competitive interests, but which does not relate to projects and matters of common knowledge and concern during the parties' employment and consulting relationships, and which may be used by one party to compete against another.  Without limitation, SECRET information includes proprietary information developed by Defendants in connection with their Target Portfolio Analysis service, and proprietary information developed by Plaintiff in connection with web extraction services after termination of the parties' employment and consulting relationships.  The purpose of designating material as SECRET, as opposed to CONFIDENTIAL, is to prevent each party from using another party's proprietary information to compete against the other party, if the proprietary information was developed outside of the parties' employment and consulting relationships.

8.  SECRET documents, materials, and/or information (collectively "SECRET information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed to the parties or their employees, in-house counsel, or independent contractors.  SECRET information may be disclosed *only* to:

(a)  counsel of record actively working on this case;

(b) persons regularly employed or associated with the counsel of record actively working on the case whose assistance is required by said counsel in the preparation for trial, at trial, or at other proceedings in this case;

(c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(d) the Court and its employees ("Court Personnel");

(e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f) deponents, witnesses, or potential witnesses, *provided however*, that during a deposition the parties and their employees and independent contractors shall not be provided with any SECRET information produced by an opposing party and shall be excluded from any deposition testimony involving SECRET information produced by an opposing party; and

(h) other persons by written agreement of the parties.

9. Prior to disclosing any CONFIDENTIAL or SECRET information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments

shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

10. A paper document is designated as CONFIDENTIAL or SECRET by placing or affixing on it (in a manner that will not interfere with its legibility) the following or other appropriate notice: "CONFIDENTIAL" or "SECRET" as the case may be. An electronically stored and produced document shall be treated as CONFIDENTIAL or SECRET if the producing party also produces a paper copy of the document marked CONFIDENTIAL or SECRET.

11. Whenever a deposition involves the disclosure of CONFIDENTIAL or SECRET information, the deposition or portions thereof shall be designated as CONFIDENTIAL or SECRET as the case may be, and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or SECRET after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. A party may object to the designation of particular CONFIDENTIAL or SECRET information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL or SECRET to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or SECRET under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or SECRET and shall not thereafter be treated as CONFIDENTIAL or SECRET in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or SECRET shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or SECRET.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or SECRET shall be returned to the party that designated it CONFIDENTIAL or SECRET, or the parties may elect to destroy CONFIDENTIAL or SECRET documents. Where the parties agree to destroy CONFIDENTIAL or SECRET documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. Each party's designation of documents or testimony as "CONFIDENTIAL" or "SECRET" under this Protective Order and each party's failure to object to or make such

designation will not be admissible in evidence, as a party admission or otherwise, to prove any fact relevant to any claim or defense asserted in this action.

16.     The restrictions on use of CONFIDENTIAL or SECRET information set forth in this Protective Order shall survive the conclusion of this litigation.

Dated this 8th day of November, 2011.

_____
BY THE COURT